# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 29, 2013

No. 12-50386
Summary Calendar

Lyle W. Cayce
Clerk

BEAU DAVID PRICE,

Plaintiff - Appellant

v.

ALAN STEEN, Chief Administrator of the Texas Alcoholic Beverage
Commission; JOEL MORENO, Chief of Operations/Enforcement of Texas
Alcoholic Beverage Commission; ROD VENNER, Assistant Chief of
Enforcement of Texas Alcoholic Beverage Commission; ANDY PENA, Captain
of the Office of Professional Responsibility; CAPTAIN RICK CRUZ,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas, Austin
USDC No. 1:11-CV-644

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Beau David Price filed a complaint against officials of his former employer,
the Texas Alcoholic Beverage Commission (TABC), alleging that they
discriminated against him because of his race, and that they violated his First

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-50386

and Fourteenth Amendment rights. The district court dismissed Price's employment discrimination claim because he failed timely to file a charge with the Equal Employment Opportunity Commission and failed to demonstrate that he is entitled to equitable tolling. The district court dismissed Price's First and Fourteenth Amendment claims for failure to state a claim upon which relief could be granted.

Price argues that the district court erred by failing to apply equitable tolling because TABC and the defendants concealed from him facts material to his employment discrimination claims, which facts he did not discover until an administrative hearing was conducted shortly before he filed his EEOC charge. Based on the allegations in Price's complaint, the district court held that, as of the date of his discharge, Price knew or should have known that he was being treated less favorably than his similarly-situated, non-white colleagues. Accordingly, the district court held that the limitations period for filing an EEOC charge ran from the date of Price's discharge and was not tolled until the administrative hearing.

The district court did not err in dismissing Price's employment discrimination claim on the ground that he did not timely file a charge of discrimination with the EEOC. As the district court pointed out, the allegations in Price's complaint demonstrate that at the time of his discharge, he knew or should have known the facts that would support a charge of discrimination. Price alleged in his complaint that a similarly-situated Hispanic TABC agent was treated more favorably than he was. Although the complaint does not say when that occurred, it had to have happened before Price was discharged, because he presented evidence of it in the initial administrative appeal of his discharge in 2009. Price further alleged in his complaint that the more favorable treatment of the Hispanic agent was not an isolated occurrence, but was part of

2

No. 12-50386

TABC's pattern and practice of treating non-white employees more favorably than white employees.

The district court dismissed Price's First Amendment claim because he did not allege that the defendants took any adverse actions against him as a result of his refusal to waive his right against self-incrimination. Price argues that if the district court had properly drawn all required inferences from his pleadings, it could have reasoned that the defendants falsified records in retribution against him for not waiving his right against self-incrimination, resulting in the termination of his employment. The district court did not err by failing to infer that the defendants falsified records and ultimately discharged him because of his refusal to waive his right against self-incrimination. Price did not allege in his complaint that any falsified records were the cause of his discharge and, in fact, alleged that the documents were falsified after he had been discharged.

The district court dismissed Price's Fourteenth Amendment claim on the ground that he failed to allege that he had a property interest in his employment. Price argues that the district court erred by dismissing his Fourteenth Amendment claim, because he pleaded a violation of a liberty interest by asserting that the defendants falsely represented the reason for his termination, knowing that it would effectively destroy his career in law enforcement. The district court did not err. Price did not allege a property interest in his employment. Further, he failed to allege all of the elements of a liberty interest violation because he failed to allege that he requested and was denied a name-clearing hearing. To the contrary, he alleged that an administrative hearing was held and that the administrative judge ordered that his discharge be changed from "general" to "honorable."

Because Price did not timely file a charge of discrimination with the EEOC and failed to state a claim under the First and Fourteenth Amendments, the district court's dismissal of his complaint is

3

No. 12-50386

AFFIRMED.